VAN SICKLE v. PALMER *et al.*, appellants.

*Usury — evidence.*

Defendant obtained a loan from plaintiff through G. & V., a firm of attorneys. At the time, defendant executed a bond and mortgage for $5,666 and interest, and gave a certificate in writing that he had employed G. & V. to procure a loan of $5,666 for him and had agreed to pay them for their services $566. Defendant only received $5,100. In an action to foreclose the mortgage, the defense was usury. *Held*, that the written certificate was not conclusive as to defendant, and he was entitled to show by G. whether the plaintiff shared in the amount paid to G. & V. for their services.

APPEAL from a judgment in favor of plaintiff entered upon the report of a referee.

The action was brought to foreclose a mortgage for $5,666 and interest. The defendants, Spencer Palmer and his wife, who made the mortgage, defended the action upon the ground that a usurious rate of interest was agreed upon and paid at the time of obtaining the loan. Upon the trial, Spencer Palmer testified that Green & Van Sickle, attorneys at law, advertised that they had money to loan on bond and mortgage, and that he applied to them for a loan of $5,100 and agreed to give his bond for $5,666, payable in one year, and the mortgage in suit as security for the payment of the bond, that he received the $5,100, and executed the bond and mortgage to plaintiff, who loaned the money; that plaintiff was present at the time of the execution of the mortgage, and at the receipt, by the witness, of a check for $5,100, and that Greene & Van Sickle were acting as attorneys for plaintiff.

Plaintiff offered in evidence a certificate signed by Spencer Palmer, the defendant, and reading as follows:

" GOSHEN, *March* 30, 1871.

"This is to certify that I have employed Messrs. Greene & Van Sickle, counselors at law, to procure for me a loan of $5,666 on bond and mortgage on my property situate near Conklingtown, and have agreed 'to pay them for their services rendered in procuring said sum, $566; and I further certify, that I have this day paid said Greene & Van Sickle the amount agreed upon between us for the purposes aforesaid.

" SPENCER PALMER."

The referee before whom the case was tried refused, upon objection from plaintiff's counsel, to allow George W. Greene, one of the firm of Greene & Van Sickle, who was produced as a witness by defendant, to answer these questions:

" Were you and your partner ever employed by Spencer Palmer as attorneys to procure a loan of $5,600 on his farm near Conklingtown ? "

" Did you communicate to D. Van Sickle (the plaintiff) the fact that Mr. Palmer was to pay ten per cent in addition to the amount of the mortgage ? "

" Did you return any of that money (the money received from plaintiff for the loan) to the plaintiff? "

And other questions designed to show that plaintiff received part of the money said to be paid by defendant to the firm of Greene & Van Sickle.

It appeared in evidence that plaintiff paid Greene & Van Sickle, at the time of making the loan, by his check, $5,666.

The referee found that the defense of usury was not established, and gave judgment in favor of plaintiff, from which this appeal was taken.

*Charles Matthews*, for appellants.

*Sharpe, Nanny & Van Sickle*, for respondent.

TAPPEN, J. Action to foreclose mortgage; defense, usury, in that the plaintiff retained ten per cent of the principal at the time of the loan as additional and usurious compensation.

On the trial before the referee, the defendants introduced one Greene as a witness. Greene and his partner were attorneys, who

had to do with the transaction, and the question was whether they were the attorneys of the lender or borrower, it appearing that they had deducted the ten per cent at the time of the transaction, and it being insisted by the defendants that they had done this for the benefit of the plaintiff.

The referee excluded several questions put to the witness Greene, and the defendants duly excepted. From a perusal of the testimony the question of the plaintiff's interest in the ten per cent would seem to depend upon the veracity of Greene's statement, or that of other witnesses, received on the part of the plaintiff. And notwithstanding the written paper which the defendant signed, stating that he had employed Greene's law firm for the purpose of the loan, and agreed to pay them the ten per cent, it was still competent for the defendant to show by Greene what had been done with that money. If Greene was defendant's attorney, as the plaintiff claims, there was no privilege between plaintiff and Greene, and the written paper is not in its statement conclusive on the defendant. Van Sickle, who was Greene's partner, was fully examined on behalf of plaintiff, and the defendant was, therefore, entitled to Greene's version of the transaction.

For the error in rejecting the evidence of Greene, the judgment must be reversed and a new trial ordered at special term, costs to abide event.

*Judgment accordingly.*